UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JEAN ROGER M. BOMBA,

                                            X

                Plaintiff,       X    08 CV 01466 (RJS)

          -against-         X    ECF CASE

J&R ELECTRONICS INC.,        X

                                            X

                Defendant
-------------------------------------------------------------------X

## ANSWER TO COMPLAINT

Defendants J&R Electronics Inc. (hereinafter "J&R"), by its attorneys Moss & Boris, P.C., for its answer to the Complaint of Jean Roger M. Bomba (hereinafter "Bomba"), avers and states:

## NATURE OF ACTION

1.    In response to paragraph 1 of the Complaint, J&R states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of that paragraph, except that J&R admits that Bomba purports to assert in his Complaint claims of "race, national origin, sex and subjection to a hostile work environment on the basis of national origin" against J&R pursuant to the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 et seq. ("Section 1981"); the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). J&R denies that it discriminated against Bomba because of his race, national origin or sex, and denies that it subjected him to a hostile work environment on the basis of his national origin.

1

2.      In response to paragraph 2 of the Complaint, J&R states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of that paragraph, except that J&R admits that Bomba purports to assert causes of action for retaliation pursuant to Section 1981, the NYSHRL and the NYCHRL.  J&R denies that it retaliated against Bomba because he allegedly complained about discrimination.

3.      In response to paragraph 3 of the Complaint, J&R admits that Bomba seeks various forms of relief under the statutes cited in that paragraph, but denies that Bomba is entitled to any of the forms of relief sought in this action.

[Paragraphs 4 and 5 omitted from complaint]

**JURISDICTION AND VENUE**

6.      In response to paragraph 6 of the Complaint, J&R states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in that paragraph, except that J&R admits that Bomba purports to invoke the jurisdiction of the Court under Section 1981, and that Bomba purports to invoke the Court's pendent jurisdiction over his NYSHRL and NYCHRL claims.

7.      J&R admits the allegations of paragraph 7 of the Complaint.

**PARTIES**

8.      In response to paragraph 8 of the Complaint, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, except that J&R admits that Bomba is Black and that he has represented to it that he resides at the addess set forth in this paragraph.

9.      J&R denies each and every allegation contained in paragraph 9 of the Complaint.  In further response to this paragraph, J&R states that its corporate name is

"J&R Electronics Inc.", that it is incorporated under the laws of the State of New York; and that its corporate offices are located at 23 Park Row, New York, NY 10038.

      10.    J&R admits the allegations of paragraph 10 of the Complaint.

[Paragraphs 11 and 12 omitted from complaint]

## FACTUAL ALLEGATIONS

      13.    In response to paragraph 13 of the Complaint, J&R denies each and every allegation of this paragraph, except that J&R admits that Bomba began his employment with J&R on January 9, 1996 as a commission-paid salesperson and that in or about September 2006, a female Caucasian co-worker of Bomba reported to a member of J&R management that she had been subjected to sexual harassment by Bomba. Further answering this paragraph, J&R states that it conducted an investigation of these allegations, which included the provision to Bomba of full opportunity to provide to J&R information and response to those allegations, and states that at the conclusion of its investigation J&R took appropriate remedial action to address the complaint made to it by transferring Bomba to work in a different retail department in which Bomba had full opportunity to sell the same category of product that he had sold prior to the transfer and had full opportunity to realize earnings equivalent to that he received before the transfer.

      14.    J&R denies each and every allegation of paragraph 14 of the Complaint, except that J&R admits that Lee Greco, another J&R employee, was the subject of a complaint of sexual harassment, concerning which J&R took prompt and appropriate remedial action, and further admits that Greco was not transferred from the department in which he had worked, because the woman who had made the harassment complaint voluntarily elected to transfer to another department of her choosing rather than having Greco transferred.

15.     In response to paragraph 15 of the Complaint, J&R denies each and every allegation contained in that paragraph except that J&R denies knowledge and information sufficient to form a belief as to the truth of the allegations by Bomba as to the relationship between Bomba and the co-worker who had reported Bomba's harassment to a member of J&R management and the allegations that Bomba was not attracted to this co worker and that he had a preference for tall blonde women.

16.     In response to paragraph 16 of the Complaint, J&R denies each and every allegation contained in that paragraph except that J&R admits that for the years 2003 through 2006 the co-worker who reported Bomba's harassment of her to a member of J&R management had the highest commission earnings of the salespersons in the Camera Store to which Bomba and the co-worker was assigned.   Further answering this paragraph, J&R states that on or about December 16, 2004, J&R provided Bomba with a leave of absence at Bomba's request to enable him to visit his mother in Cameroon, who he stated was ill; that while on this leave of absence Bomba notified J&R that he was ill; that Bomba did not return to active employment at J&R for almost one year; and that during the entire period of Bomba's absence J&R continued to pay his health insurance premiums, which covered much of the cost of his medical treatment while overseas.

17.     J&R denies each and every allegation of paragraph 17 of the Complaint. Further responding to this paragraph, J&R states that at the conclusion of its investigation of the harassment complaint made concerning Bomba, he was reassigned to work in J&R's Digital World department in its computer store and was instructed to stay away from the department in which he had previously worked and in which the co-worker who had complained about his harassment of her continued to work.  J&R admits that Bomba was the only salesperson in the Camera Store, prior to his transfer, who was Black.  J&R denies knowledge and information sufficient to form a belief as to the truth of how Bomba felt as a result of his transfer to the Digital World department.

18.     J&R denies each and every allegation of paragraph 18 of the Complaint, except that J&R admits that in or about December 2006, J&R was served with a copy of a

complaint of discrimination filed by Bomba with the New York State Division of Human Rights ("NYSDHR"), which the NYSDHR accepted as "dual-filed" with the Equal Employment Opportunity Commission ("EEOC"). Further answering this paragraph, J&R specifically denies that Bomba's supervisor in the Digital World department, Kenneth Pasini, engaged in discriminatory or retaliatory treatment of Bomba at any time. J&R further states that on or about March 14, 2007, Bomba tendered his voluntary resignation from the employ of J&R, to be effective on March 25, 2007.

19.    J&R denies each and every allegation contained in paragraph 19 of the Complaint.

20.    J&R denies each and every allegation contained in paragraph 20 of the Complaint.

21.    J&R denies each and every allegation contained in paragraph 21 of the Complaint.

22.    J&R denies each and every allegation contained in paragraph 22 of the Complaint.

23.    J&R denies each and every allegation contained in paragraph 23 of the Complaint.

24.    J&R denies each and every allegation contained in paragraph 24 of the Complaint.

25.    J&R denies each and every allegation contained in paragraph 25 of the Complaint, except that J&R denies knowledge and information sufficient to form a belief as to the truth of Bomba's allegations as to the emotional and mental distress he claims to have suffered during his employment with J&R.

## FIRST CAUSE OF ACTION

26.     In response to paragraph 26 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 25 of the Complaint as if set forth in full herein.

27.     J&R denies each and every allegation of paragraph 27 of the Complaint.

## SECOND CAUSE OF ACTION

28.     In response to paragraph 28 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 27 of the Complaint as if set forth in full herein.

29.     J&R denies each and every allegation of paragraph 29 of the Complaint, except that J&R admits that the employee referenced in this paragraph (Greco) was not transferred from the department in which he had worked, because the woman who had made the harassment complaint voluntarily elected to transfer to another department of her choosing rather than having Greco transferred.

## THIRD CAUSE OF ACTION

30.     In response to paragraph 30 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 29 of the Complaint as if set forth in full herein.

31.     J&R denies each and every allegation of paragraph 31 of the Complaint, except that J&R admits that the employee referenced in this paragraph (Greco) was not transferred from the department in which he had worked, because the woman who had made the harassment complaint voluntarily elected to transfer to another department of her choosing rather than having Greco transferred.

## FOURTH CAUSE OF ACTION

32.     In response to paragraph 32 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 31 of the Complaint as if set forth in full herein.

33.     J&R denies each and every allegation of paragraph 33 of the Complaint, except that J&R admits that the employee referenced in this paragraph (Greco) was not transferred from the department in which he had worked, because the woman who had made the harassment complaint voluntarily elected to transfer to another department of her choosing rather than having Greco transferred; further, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

## FIFTH CAUSE OF ACTION

34.     In response to paragraph 34 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 33 of the Complaint as if set forth in full herein.

35.     J&R denies each and every allegation of paragraph 35 of the Complaint, except that J&R admits that the employee referenced in this paragraph (Greco) was not transferred from the department in which he had worked, because the woman who had made the harassment complaint voluntarily elected to transfer to another department of her choosing rather than having Greco transferred; further, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

### SIXTH CAUSE OF ACTION

36.    In response to paragraph 36 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 35 of the Complaint as if set forth in full herein.

.37.    J&R denies each and every allegation of paragraph 37 of the Complaint, except that J&R admits that the employee referenced in this paragraph (Greco) was not transferred from the department in which he had worked, because the woman who had made the harassment complaint voluntarily elected to transfer to another department of her choosing rather than having Greco transferred; further, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

[Seventh Cause of Action and paragraphs 38 and 39 omitted from complaint]

### EIGHTH CAUSE OF ACTION

40.    In response to paragraph 40 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 39 of the Complaint as if set forth in full herein.

41.    J&R denies each and every allegation of paragraph 41 of the Complaint, except that J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

### NINTH CAUSE OF ACTION

42.    In response to paragraph 42 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 41 of the Complaint as if set forth in full herein.

43.    J&R denies each and every allegation of paragraph 43 of the Complaint, except that J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

## TENTH CAUSE OF ACTION

44.    In response to paragraph 44 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 43 of the Complaint as if set forth in full herein.

45.    J&R denies each and every allegation of paragraph 45 of the Complaint.

## ELEVENTH CAUSE OF ACTION

46.    In response to paragraph 46 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 45 of the Complaint as if set forth in full herein.

47.    J&R denies each and every allegation of paragraph 47 of the Complaint, except that J&R admits that at the conclusion of its investigation in to the allegations against Bomba and his transfer to a different department, Bomba was instructed to stay away from the store to which he had previously been assigned; further J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

## TWELFTH CAUSE OF ACTION

48.    In response to paragraph 48 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 47 of the Complaint as if set forth in full herein.

49.    J&R denies each and every allegation of paragraph 49 of the Complaint, except that J&R admits that at the conclusion of its investigation in to the allegations against Bomba and his transfer to a different department, Bomba was instructed to stay away from the store to which he had previously been assigned.

### THIRTEENTH CAUSE OF ACTION

50.    In response to paragraph 50 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 49 of the Complaint as if set forth in full herein.

[Paragraph 51 omitted from complaint]

52.    J&R denies each and every allegation of paragraph 52 of the Complaint.

[Fourteenth Cause of Action omitted from complaint]

### FIFTEENTH CAUSE OF ACTION

53.    In response to paragraph 53 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 52 of the Complaint as if set forth in full herein.

54.    J&R denies each and every allegation of paragraph 54 of the Complaint, except that J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

### SIXTEENTH CAUSE OF ACTION

55.    In response to paragraph 55 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 54 of the Complaint as if set forth in full herein.

56.     J&R denies each and every allegation of paragraph 56 of the Complaint.

## SEVENTEENTH CAUSE OF ACTION

57.     In response to paragraph 57 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 56 of the Complaint as if set forth in full herein.

58.     J&R denies each and every allegation of paragraph 58 of the Complaint except that J&R admits that the employee referenced in this paragraph (Greco) was not transferred from the department in which he had worked, because the woman who had made the harassment complaint voluntarily elected to transfer to another department of her choosing rather than having Greco transferred.

## EIGHTEENTH CAUSE OF ACTION

59.     In response to paragraph 59 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 58 of the Complaint as if set forth in full herein.

60.     J&R denies each and every allegation of paragraph 60 of the Complaint, except that J&R admits that the employee referenced in this paragraph (Greco) was not transferred from the department in which he had worked, because the woman who had made the harassment complaint voluntarily elected to transfer to another department of her choosing rather than having Greco transferred.

## NINETEENTH CAUSE OF ACTION

61.     In response to paragraph 61 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 60 of the Complaint as if set forth in full herein.

62.    J&R denies each and every allegation of paragraph 62 of the Complaint, except that J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

## TWENTIETH CAUSE OF ACTION

63.    In response to paragraph 63 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 62 of the Complaint as if set forth in full herein.

64.    J&R denies each and every allegation of paragraph 64 of the Complaint, except that J&R admits that the employee referenced in this paragraph (Greco) was not transferred from the department in which he had worked, because the woman who had made the harassment complaint voluntarily elected to transfer to another department of her choosing rather than having Greco transferred; further, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

## TWENTY-FIRST CAUSE OF ACTION

65.    In response to paragraph 65 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 64 of the Complaint as if set forth in full herein.

66.    J&R denies each and every allegation of paragraph 66 of the Complaint, except that J&R admits that the employee referenced in this paragraph (Greco) was not transferred from the department in which he had worked, because the woman who had made the harassment complaint voluntarily elected to transfer to another department of her choosing rather than having Greco transferred; further, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

## TWENTY-SECOND CAUSE OF ACTION

67.     In response to paragraph 67 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 66 of the Complaint as if set forth in full herein.

68.     J&R denies each and every allegation of paragraph 68 of the Complaint, except that J&R admits that the employee referenced in this paragraph (Greco) was not transferred from the department in which he had worked, because the woman who had made the harassment complaint voluntarily elected to transfer to another department of her choosing rather than having Greco transferred; further, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

## TWENTY-THIRD CAUSE OF ACTION

69.     In response to paragraph 69 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 68 of the Complaint as if set forth in full herein.

70.     J&R denies each and every allegation of paragraph 70 of the Complaint.

## TWENTY-FOURTH CAUSE OF ACTION

71.     In response to paragraph 71 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 70 of the Complaint as if set forth in full herein.

72.     Insofar as paragraph 72 purports to assert any allegation related to Bomba's claims in this proceeding, J&R denies each and every allegation of paragraph 72 of the Complaint.

## TWENTY-FIFTH CAUSE OF ACTION

73.    In response to paragraph 73 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 72 of the Complaint as if set forth in full herein.

74.    J&R denies each and every allegation of paragraph 74 of the Complaint, except that J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

## TWENTY-SIXTH CAUSE OF ACTION

75.    In response to paragraph 75 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 74 of the Complaint as if set forth in full herein.

76.    J&R denies each and every allegation of paragraph 76 of the Complaint, except that J&R admits that at the conclusion of its investigation in to the allegations against Bomba and his transfer to a different department, Bomba was instructed to stay away from the store to which he had previously been assigned; further, J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

## TWENTY-SEVENTH CAUSE OF ACTION

77.    In response to paragraph 77 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 76 of the Complaint as if set forth in full herein.

78.    J&R denies each and every allegation of paragraph 78 of the Complaint, except that J&R admits that at the conclusion of its investigation in to the allegations

against Bomba and his transfer to a different department, Bomba was instructed to stay away from the store to which he had previously been assigned.

## TWENTY-EIGHTH CAUSE OF ACTION

79.    In response to paragraph 79 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 78 of the Complaint as if set forth in full herein.

80.    J&R denies each and every allegation of paragraph 80 of the Complaint.

## TWENTY-NINTH CAUSE OF ACTION

81.    In response to paragraph 81 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 80 of the Complaint as if set forth in full herein.

82.    J&R denies each and every allegation of paragraph 82 of the Complaint, except that J&R denies knowledge and information sufficient to form a belief as to the truth of the allegation that Bomba is Cameroonian.

## THIRTIETH CAUSE OF ACTION

33.    In response to paragraph 83 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 82 of the Complaint as if set forth in full herein.

84.    J&R denies each and every allegation of paragraph 84 of the Complaint.

## THIRTY-FIRST CAUSE OF ACTION

85.    In response to paragraph 85 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 84 of the Complaint as if set forth in full herein.

86.    J&R denies each and every allegation of paragraph 86 of the Complaint.

## THIRTY-SECOND CAUSE OF ACTION

87.    In response to paragraph 87 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 66 of the Complaint as if set forth in full herein.

88.    J&R denies each and every allegation of paragraph 88 of the Complaint.

## THIRTY-THIRD CAUSE OF ACTION

89.    In response to paragraph 89 of the Complaint, J&R reasserts and realleges its answers and responses to paragraph 1 through 68 of the Complaint as if set forth in full herein.

90.    J&R denies each and every allegation of paragraph 90 of the Complaint.

## PRAYER FOR RELIEF

91.    J&R denies each and every allegation or claim set forth in the "WHEREFORE" paragraph, including each claim asserted therein for relief under each of the statutes referenced in this "prayer for relief."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

92.    Bomba fails as a matter of law to state a claim for discrimination under Section 1981 predicated on his Cameroonian national origin, as alleged in the Fourth, Fifth, Sixth, Ninth, Eleventh and Fifteenth Causes of Action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

93.    Bomba fails as a matter of law to state a claim for discrimination under Section 1981 predicated on his sex (male), as alleged in the Twelfth Cause of Action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

94.    J&R acted in good faith and without discriminatory motivation in all employment actions related to Bomba.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

95.    J&R acted in good faith and without discriminatory motivation in all employment actions related to Bomba, including its decision to retain Bomba's employment and transfer him to another department based on the results of its investigation of the sexual harassment allegations made against him by a female coworker.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

96.    J&R acted in good faith and without discriminatory motivation in all employment actions related to Bomba, in conformity with its obligations to investigate and address allegations of sexual harassment in the workplace as established by law and by J&R's freedom from harassment policy.

WHEREFORE, J&R requests that the Court dismiss the Complaint in its entirety, and that the Court enter judgment in favor of J&R along with an award of attorney's fees and costs in accordance with prevailing law and the provisions of Rule 11 of the Federal Rules of Civil Procedure.

Dated: New York, New York
      May 22, 2008

MOSS & BORIS, P.C.

Counsel for Defendant

Neal D. Haber, Esq. (NH-4118)
708 Third Avenue
6th Floor
New York, New York 10017
(212) 209-3898
nhaber@mossboris.com